# United States Court of Appeals for the Fifth Circuit

---

No. 22-50345
consolidated with
No. 22-50352
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
March 1, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Shawn Kaleb Drake,

*Defendant—Appellant*.

_____

Appeals from the United States District Court
for the Western District of Texas
USDC Nos. 7:15-CR-81-1, 7:21-CR-364-1

_____

Before Stewart, Duncan, and Wilson, *Circuit Judges*.

Per Curiam:[*]

In this consolidated appeal, Shawn Kaleb Drake appeals both the sentence imposed following revocation of a previously imposed term of supervised release (No. 22-50345) and the sentence imposed following his

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

guilty-plea conviction for possession with intent to distribute methamphetamine (No. 22-50352).

First, Drake argues that the district court failed to explain its decision to impose a consecutive revocation sentence. Because Drake failed to preserve this issue in the district court, we review for plain error. *See United States v. Warren*, 720 F.3d 321, 327 (5th Cir. 2013); *Puckett v. United States*, 556 U.S. 129, 135 (2009). Under plain error review, we first determine if there was a clear or obvious legal error which affected Drake's substantial rights. *Puckett*, 556 U.S. at 135. If Drake makes this showing, we have discretion to remedy the error but should do so "only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal punctuation, quotation marks, and citation omitted).

A sentencing court must provide reasons for imposing a particular sentence in enough detail "to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007). Before imposing the revocation sentence in this case, the district court stated only that it had reviewed the policy statements in the Sentencing Guidelines and the 18 U.S.C. § 3553(a) sentencing factors. However, the revocation immediately followed Drake's sentencing for the new methamphetamine offense, and the district court stated during the revocation proceeding that it would consider everything that had already been discussed. When sentencing Drake for the methamphetamine offense, the district court engaged in a more detailed consideration of the various § 3553(a) factors. In addition, the new methamphetamine sentence was ordered to run concurrently with certain pending state charges and consecutively to others, demonstrating that the district court was aware that it could impose a consecutive or concurrent sentence. Thus, the district court considered the parties' arguments and had a reasoned basis for its

decision. *See Rita*, 551 U.S. at 356. Even if the district court erred, we conclude that Drake has not shown that his substantial rights were affected because he has not shown a reasonable probability "that an explanation would have changed his sentence." *United States v. Mondragon-Santiago*, 564 F.3d 357, 365 (5th Cir. 2009).

Second, Drake asserts that the district court ordered that two specific paragraphs should be stricken from the presentence report (PSR) for the methamphetamine offense, but this was never done. Subsequent to the filing of Drake's brief, an amended PSR was prepared without these paragraphs, the record was supplemented with the amended PSR, and, according to the Government, the amended PSR was provided to the Bureau of Prisons. Because Drake has received the relief sought, we conclude that this issue is dismissed as moot. *See, e.g.*, *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992).

Third, Drake argues that, for both sentences, the district court erred by failing to reduce or adjust the sentence to account for time he spent in presentence detention. Again, we conclude that Drake failed to preserve this issue, *see Warren*, 720 F.3d at 327, so plain error review applies, *Puckett*, 556 U.S. at 135. Drake argues that the district court believed he should receive some form of credit for this time, but it mistakenly believed that the Bureau of Prisons could award a credit and that it lacked authority to account for this time in another way. We conclude that Drake has not shown any clear or obvious error with respect to his sentences or that any error affected his substantial rights. *See United States v. Aparicio*, 963 F.3d 470, 477 (5th Cir. 2020). Therefore, we affirm the imposition of his sentences.

AFFIRMED IN PART; DISMISSED IN PART.